UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SERGIA LIGON, #237933,

        Petitioner,

v.                            CASE NO. 2:12-CV-15124
                              HONORABLE NANCY G. EDMUNDS

SHERRY BURT,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Michigan prisoner Sergia Ligon ("Petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state court convictions and sentences. Petitioner was convicted of three counts of second-degree murder, three counts of assault with intent to do great bodily harm less than murder, felon in possession of a firearm, and possession of a firearm during the commission of a felony, second offense, in the Wayne County Circuit Court. He was sentenced to concurrent terms of 54 years 8 months to 85 years imprisonment on the murder convictions, concurrent terms of 7 to 10 years imprisonment on the assault convictions, a concurrent term of 1½ to 5 years imprisonment on the felon in possession conviction, and a consecutive term of 5 years imprisonment on the felony firearm conviction in 2005.

In his pleadings, Petitioner raises claims concerning the jury instructions, the conduct of the prosecutor, the effectiveness of trial and appellate counsel, public trial, and cumulative error. Respondent contends that the petition is untimely under the one-year

statute of limitations applicable to federal habeas actions and that the claims lack merit. For the reasons set forth, the Court finds that the habeas petition is untimely and dismisses it. The Court also denies a certificate of appealability and denies leave to proceed in forma pauperis on appeal.

## I. Facts and Procedural History

Petitioner's convictions arise from a street fight that escalated into a gunfight and resulted in the shooting deaths of three people and assaults upon three others on June 29, 2004 in Detroit, Michigan.

Following his convictions and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals raising claims concerning the bind-over decision, the sufficiency of the evidence, the denial of a directed verdict motion, the conduct of the prosecutor, the jury instructions, the validity of his sentence, and the non-disclosure of evidence. The court affirmed his convictions and sentences. *People v. Ligon*, No. 267806, 2007 WL 2428557 (Mich. Ct. App. Aug. 28, 2007) (unpublished). Petitioner filed an application for leave to appeal with the Michigan Supreme Court raising the same claims. The court denied leave to appeal in a standard order. *People v. Ligon*, 480 Mich. 1141, 746 N.W.2d 100 (March 26, 2008).

On June 16, 2009, Petitioner filed a motion for relief from judgment with the state trial court, raising the same claims contained in his current habeas petition. The trial court denied the motion, citing Michigan Court Rule 6.508(D)(3) and finding that the claims lacked merit. *People v. Ligon*, No. 05-005640-01 (Wayne Co. Cir. Ct. April 13, 2010). Petitioner filed an application for leave to appeal with the Michigan Court of Appeals, which was denied "for failure to meet the burden of establishing entitlement to relief under MCR

6.508(D)." *People v. Ligon*, No. 303353 (Mich. Ct. App. Dec. 27, 2011) (unpublished). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was similarly denied. *People v. Ligon*, 493 Mich. 854, 820 N.W.2d 791 (Sept. 24, 2012).

Petitioner dated his federal habeas petition on November 5, 2012. Respondent has filed an answer to the petition asserting that it should be dismissed because it is untimely under the one-year statute of limitations applicable to federal habeas actions and, alternatively, because the claims lack merit. Petitioner has filed a reply to that answer asserting that he is entitled to equitable tolling and that his claims warrant habeas relief.

## II. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, governs the filing date for this action because Petitioner filed his habeas petition after the AEDPA's effective date. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA includes a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

3

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). A habeas petition filed outside the proscribed time period must be dismissed. *See Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000) (dismissing case filed 13 days late); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002).

Petitioner's convictions became final after the AEDPA's April 24, 1996 effective date. The Michigan Supreme Court denied leave to appeal on direct appeal on March 26, 2008. Petitioner's convictions became final 90 days later, *see Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009) (a conviction becomes final when "the time for filing a certiorari petition expires"); *Lawrence v. Florida*, 549 U.S. 327, 333 (2007); S. Ct. R. 13(1), on or about June 24, 2008. Accordingly, Petitioner was required to file his federal habeas petition by June 24, 2009, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner filed his motion for relief from judgment with the state trial court on June 16, 2009. At that point, 356 days of the one-year period had run. The one-year period was then tolled while Petitioner's motion for relief from judgment and related appeals were pending in state court. The Michigan Supreme Court denied relief on collateral review on September 24, 2012. Petitioner then had nine days, until October 4, 2012, to file his federal habeas petition. He did not do so. Rather, he dated his habeas petition on November 5, 2012. Thus, the one-year period expired about one month before he

4

instituted this action. The AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings. *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001).

Petitioner does not allege that the State created an impediment to the filing of his federal habeas petition or that his claims are based upon newly-discovered evidence or newly-enacted, retroactively applicable law. His petition is therefore untimely under 28 U.S.C. § 2244(d).

The United States Supreme Court has confirmed that the one-year statute of limitations is not a jurisdictional bar and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). The Supreme Court has further explained that a habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Robertson v. Simpson*, 624 F.3d 781, 783-84 (6th Cir. 2010). A petitioner has the burden of demonstrating that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). "Typically, equitable tolling applied only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado*, 337 F.3d at 642 (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

Petitioner asserts that he is entitled to equitable tolling because his state post-conviction counsel was ineffective for not mailing him a copy of the Michigan Supreme Court's decision in a timely manner. Specifically, he states that counsel dated a letter to him enclosing the court's order on September 25, 2012, but the letter was postmarked on

October 9, 2012 and received by him on or after October 10, 2012. *See* Pet. App'x. A.

Post-conviction counsel's alleged error/delay in mailing the state court decision, however, does not provide a basis for equitable tolling. There is no constitutional right to counsel in post-conviction collateral proceedings. *Coleman v. Thompson*, 501 U.S. 722, 756-57 (1991) (citing cases); *Brown v. United States*, 20 F. App'x 373, 375 (6th Cir. 2001); *Cummings v. Yukins*, 197 F. Supp. 2d 785, 787 (E.D. Mich. 2002); *cf. Martinez v. Ryan*, _ U.S. _, 132 S. Ct. 1309, 1315 (2012) (ineffective assistance of post-conviction counsel may establish cause to excuse a procedural default on initial-review collateral proceeding where that proceeding was first opportunity to raise ineffective assistance of trial counsel claim). Nonetheless, the Supreme Court and the United States Court of Appeals for the Sixth Circuit have indicated that "serious instances of attorney misconduct" may constitute an extraordinary circumstance to warrant equitable tolling. *See Holland*, 560 U.S. at 651-53; *Patterson v. Lafler*, 455 F. App'x 606, 609-10 (6th Cir. 2012) (citing *Holland*). That being said, those courts have also made clear that attorney error or negligence is not an extraordinary circumstance which justifies equitable tolling. *Holland*, 560 U.S. at 651-52 (citing cases); *Lawrence*, 549 U.S. at 336-37 ("attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel"); *Jurado*, 337 F.3d at 644-45; *see also Coleman*, 501 U.S. at 753. Rather, counsel's conduct, or lack thereof, must be sufficiently egregious – akin to abandonment – to warrant equitable relief. *See, e.g., Maples v. Thomas*, _ U.S. _, 132 S. Ct. 912, 922-24 (2012) (discussing *Holland* and ruling that attorney abandonment may constitute cause to excuse a procedural default); *Patterson*, 455 F. App'x at 610 (attorney incapacitation or abandonment may constitute an

extraordinary circumstance).

In this case, Petitioner presents no facts to indicate that his post-conviction counsel engaged in egregious conduct or abandoned him. Counsel was retained to represent Petitioner on state collateral review, not habeas review, and met the filing requirements for those proceedings. Counsel informed Petitioner of the deadline for seeking federal habeas review and notified, or attempted to notify, Petitioner of the Michigan Supreme Court's decision in a timely manner. There is no evidence that the mailing delay occurred because of counsel (as opposed to the mail service) or, even if counsel was responsible for the delay, that it was due to anything other than negligence. Any such error by counsel does not constitute an extraordinary circumstance to warrant equitable tolling. *See, e.g., LaCava v. Kyler*, 398 F.3d 271, 276 (3d Cir. 2005) (counsel's failure to timely notify prisoner of state court collateral review decision is not an extraordinary circumstance); *Hunter v. United States*, Nos. 3:10-cv-343, 3:06-cr-64(1), 2013 WL 4780918, *4 (E.D. Tenn. Sept. 5, 2013) (citing cases and ruling that counsel's failure to inform prisoner that the Supreme Court had denied certiorari "was the kind of garden variety excusable neglect which binds petitioner to his counsel's oversight"). Petitioner's conclusory allegations of malfeasance or intentional delay by counsel are speculative and unfounded.

Furthermore, even if the Court were to equitably toll the one-year period to account for the mailing delay – from the date of the Michigan Supreme Court's decision on September 24, 2012 until Petitioner received it on or after October 10, 2012[1] – the habeas petition is still untimely. Petitioner neither alleges nor establishes that he filed his habeas

---

[1]Petitioner does not specify the exact date upon which he received the decision.

petition within 9 days of his receipt of the Michigan Supreme Court's decision. Rather, the record indicates that he waited until November 5, 2012, more than the 9 days he had left of the one-year limitations period, to submit his petition to prison authorities for mailing.

In further support of his equitable tolling argument, however, Petitioner states that he was subject to a prison transfer on October 9, 2012, which resulted in limited law library access and a delay in making copies of his habeas petition. *See* Pet. Reply Brf., pp. 2-3. Such typical conditions of prison life do not warrant equitable tolling. *See Hall v. Warden, Lebanon Correctional Inst.*, 662 F.3d 745, 752 (6th Cir. 2011) (limited law library access, inability to obtain transcripts, and pro se status do not constitute extraordinary circumstances); *Maclin v. Robinson*, 74 F. App'x 587, 589 (6th Cir. 2003) (limited access to prison law library is not a state impediment under 28 U.S.C. § 2244(d)(1)(B)); *Dodd v. United States*, 365 F.3d 1273, 1283 (11th Cir. 2004) (routine transfer between prisons does not constitute extraordinary circumstance); *Roland v. Motley*, No. 05–217–DLB, 2006 WL 2457936, *6 (E.D. Ky. Aug. 22, 2006) (citing cases and ruling that inability to obtain or pay for copies does not warrant equitable tolling). This is particularly true where, as here, Petitioner was well aware of the limited time he would have to seek federal habeas review and could have had copies ready for mailing.

Similarly, the fact that Petitioner is untrained in the law, is proceeding without a lawyer, or may have misunderstood the statute of limitations does not warrant tolling. *See Allen*, 366 F.3d at 403 (ignorance of the law does not justify tolling); *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (same); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of legal assistance does not justify tolling). Petitioner's contention that his habeas claims have merit also does not justify tolling the limitations

period. *Holloway*, 166 F. Supp. 2d at 1191. Petitioner fails to establish that extraordinary circumstances prevented him from timely filing his habeas petition.

Moreover, while Petitioner did not engage in extended delay in seeking habeas review, he did not exercise reasonable diligence under the circumstances of this case. Petitioner was well aware that he only had a brief window of time to file his federal habeas petition after the conclusion of his state collateral review proceedings. In January and April of 2011, post-conviction counsel specifically informed Petitioner that he only had about 10 days to seek federal habeas review. *See* Pet. App'x. B. Despite this knowledge, as well as the potential for mailing delays and the restrictions of prison life, Petitioner did not take steps to protect his ability to seek habeas review. Petitioner has reasonable measures available to him. In particular, he could have filed a protective habeas petition in federal court and asked the court to stay the proceedings while he awaited the Michigan Supreme Court's decision. *See Pace*, 544 U.S. at 416 (discussing procedure for filing protective habeas petitions); *see also Palacios v. Stephens*, 723 F.3d 600, 607-08 (5th Cir. 2013) (ruling that prisoner's failure to file protective petition weighed against him in reasonable diligence inquiry); *Darden v. Sobina*, 477 F. App'x 912, 918 (3d Cir. 2012) (citing *Pace* and finding that prisoner who failed to file protective petition was not diligent); *Bellon v. Neven*, No. 2:12-cv-01639-PMP-GWF, 2014 WL 4104098, *6 (D. Nev. Aug. 19, 2014) (given Supreme Court's ruling in *Pace*, prisoner who failed to file protective petition when circumstances warranted it was not reasonably diligent). At the very least, he could have had copies of his habeas petition ready to be mailed as soon as he learned of the state court decision. Petitioner fails to establish that he acted with reasonable diligence to protect his rights. He is not entitled to equitable tolling under *Holland*.

Both the Supreme Court and the Sixth Circuit have held that a credible claim of actual innocence may equitably toll the one-year statute of limitations. *McQuiggin v. Perkins*, _ U.S. _, 133 S. Ct. 1924, 1928 (2013); *Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005). As explained in *Souter*, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)); *see also House v. Bell*, 547 U.S. 518, 537-39 (2006). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. In keeping with Supreme Court authority, the Sixth Circuit has recognized that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Souter*, 395 F.3d at 590 (quoting *Schlup*, 513 U.S. at 321). Petitioner makes no such showing. His assertion that his habeas claims have merit does not establish his actual innocence. Petitioner fails to establish that he is entitled to equitable tolling of the one-year period. His habeas petition is therefore untimely and must be dismissed.[2]

### III. Conclusion

Based upon the foregoing discussion, the Court concludes that the habeas petition

---

[2] Given this determination, the Court need not address the substantive merits of Petitioner's claims.

10

is untimely. Accordingly, the Court **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* Having undertaken the requisite review, the Court concludes that jurists of reason could not find the Court's procedural ruling that the petition is untimely debatable. Accordingly, the Court **DENIES** a certificate of appealability.

Lastly, the Court finds that an appeal from this decision cannot be taken in good faith. *See* Fed. R. App. P. 24(a). Accordingly, the Court **DENIES** Petitioner leave to proceed in forma pauperis on appeal.

**IT IS SO ORDERED**.

s/ Nancy G. Edmunds
NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

Dated: November 13, 2014

CERTIFICATION

I hereby certify that a copy of this order was served upon all counsel/parties of record on this 13th day of November, 2014 by electronic/US Mail.

              s/ Carol J. Bethel
              Case Manager